**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30865

ARNOLDO JOSÉ ROBLETO OROZCO,

Plaintiff-Appellant,

v.

TRINITY SHIP MANAGEMENT, S.A.; HARBOR
SHIPPING & TRADING CO., S.A.; SUNRISE
SHIPPING AGENCY, INC.; GALINI MV, HER
ENGINES, APPAREL AND FURNISHINGS, IN REM

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-2810-K)

May 15, 2001

Before DAVIS, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this admiralty case implicating personal injury to a seaman, Plaintiff-Appellant Orozco, we are asked to reverse the district court's dismissal of Orozco's complaint on the basis of a forum selection and choice of law clause contained in his Memorandum of Agreement ("the employment agreement") for service on

---

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

an oceangoing cargo vessel registered in Panama, owned by a Panamanian corporation, and managed by a Panamanian corporation with principal place of business in Piraeus, Greece. Orozco is a citizen of Nicaragua who was injured on the vessel while welding. He went ashore in Colombia where he was diagnosed with compound fractures, and thereafter returned to his native Nicaragua.

Orozco's employment agreement provides:

> It is mutually agreed that all disputes arising from this contract including illness and injury claims will be determined by the Piraeus Courts Greece, in accordance with the existing Greek law.

The employment agreement is written in English, and the above-quoted forum selection and choice of law clause appears immediately above Orozco's signature on that agreement. Orozco neither speaks nor writes English, and signed the agreement without benefit of an interpreter shortly after reporting aboard the vessel in New Orleans.

On appeal, Orozco asserts the nullity of the subject clause on grounds that, as a Spanish-only speaking and reading seaman reporting aboard a vessel far from his native land and being required to sign an employment agreement containing such a choice of law and forum without benefit of an interpreter, under penalty of being put ashore at the vessel's next port of call, wherever that might be, he was deprived of any possible bargaining power that he might otherwise have had, and could not be charged with notice of the subject clause, which might otherwise be implied as

2

a matter of law by virtue of his signature on the agreement. He also claims that being forced to litigate in Greece deprives him of his "day in court" as a practical matter.

We cannot view Orozco's arguments in a factual vacuum; but neither can we consider this appeal in a legal vacuum. We must do so in light of the considerable federal and state jurisprudence affecting the issues implicated in this case. When we do, we conclude that Orozco's arguments are unavailing.

After considering the record on appeal and the facts and law as ably presented by counsel in their respective briefs and oral arguments, we are convinced that the district court's dismissal must be affirmed. The facial appeal of arguments of counsel for Orozco — especially those addressing the issue of notice — to the contrary notwithstanding, the legal precedents that control our decision today bind Orozco to the provisions of the agreement he signed, including without limitation the forum selection and choice of law clause, irrespective of the geographical, fiscal, and linguistic constraints under which he was laboring.

AFFIRMED.